IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS M. JOHN-CHARLES,

    Petitioner,                              No. CIV S-05-0175 MCE GGH P

    vs.

STATE OF CALIFORNIA, et al.,

    Respondents.                        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a habeas corpus petition pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition which contains four exhausted claims. In the petition and a letter filed January 27, 2005, petitioner stated that he was in the process of exhausting additional claims and requested that this action be held in abeyance pending further exhaustion.

        On June 30, 2005, the court ordered petitioner to file further briefing within thirty days addressing why he failed to exhaust all of his claims in state court before filing this action. As noted in that order, in Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528 (2005) the Supreme Court recently held that a habeas petition may only be stayed if the petitioner can show good cause for his failure to first exhaust his claims in state court.

/////

/////

On July 8, 2005, petitioner filed a response to the June 30, 2005, order. Petitioner did not address why he did not exhaust all of his claims in state court before filing this action. On August 5, 2005, the court granted petitioner one final opportunity to address this issue. On August 12, 2005, petitioner filed a response to the August 5, 2005,order. Petitioner states that he did not exhaust all claims before filing this action because his attorney on direct appeal in state court did not raise all of his claims. He also states that he has had to rely on assistance from other inmates in pursuing his additional claims.

The failure of petitioner's state appellate lawyer to raise all claims on direct appeal does not explain why petitioner did not exhaust all of his claims before filing his federal petition. Nor does the fact that petitioner sought assistance from other inmates explain his failure to fully exhaust. Accordingly, petitioner's request to hold this action in abeyance should be denied.

Petitioner has the choice of either proceeding on the exhausted claims only or dismissing this action and refiling it once all of his claims are exhausted. Johnson v. Budge, 419 F.3d 1013 (9th Cir. 2005).[1]

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's request to hold this action in abeyance contained in the petition and letter filed January 27, 2005, be denied; petitioner be ordered to inform the court whether he wishes to proceed on his exhausted claims only or dismiss this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).
The statute of limitations is not tolled while petitioner's federal habeas petition is pending in federal court.

1  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
3  F.2d 1153 (9th Cir. 1991).
4  DATED: 10/28/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
6  john175.den                                  UNITED STATES MAGISTRATE JUDGE